Bond No. B10 028 998

# PAYMENT BOND
(See Instructions on reverse)

DATE BOND EXECUTED (Must be same or later than date of contract)
October 4, 2016

OMB Control Number: 9000-0045
Expiration Date: 7/31/2019

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 60 minutes to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL** (Legal name and business address)

Team Henry Enterprises, LLC
1003 48th Street
Newport News, VA 23607

**TYPE OF ORGANIZATION** ("X" one)

[ ] INDIVIDUAL  [ ] PARTNERSHIP  [ ] JOINT VENTURE
[ ] CORPORATION  [X] OTHER (Specify) LLC

**STATE OF INCORPORATION**
VA

**SURETY(IES)** (Name(s) and business address(es))

Aegis Security Insurance Company
P. O. Box 3153
Harrisburg, PA 17105

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
|  | 547 | 280 | 33 |

**CONTRACT DATE**: 9/30/2016

**CONTRACT NUMBER**: W912BU-15-D-0021
Delivery Order No. 0003

## OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

## CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

## WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

EXHIBIT D

**Team Henry Enterprises, LLC — PRINCIPAL**

SIGNATURE(S): 1. [signature] (Seal)   2. (Seal)   3. (Seal)   Corporate Seal

NAME(S) & TITLE(S) (Typed): 1. Devon Henry, President

**INDIVIDUAL SURETY(IES)**

SIGNATURE(S): 1. (Seal)   2. (Seal)
NAME(S) (Typed): 1.   2.

**CORPORATE SURETY(IES)**

SURETY A

NAME & ADDRESS: Aegis Security Insurance Company, P. O. Box 3153, Harrisburg, PA 17105
STATE OF INCORPORATION: PA
LIABILITY LIMIT: $5,644,000

SIGNATURE(S): 1. [signature]   2. [signature]
NAME(S) & TITLE(S) (Typed): 1. Scott Mahorsky, Attorney-In-Fact   2. Erika Brett, Witness

[Aegis Security Insurance Company Corporate Seal 1977 Pennsylvania]

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

## CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 USC Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of the bond, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

# AEGIS SECURITY INSURANCE COMPANY
## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, THAT AEGIS SECURITY INSURANCE COMPANY does hereby make, constitute and appoint: Scott Mahorsky

**Surety Bond Number:** B10 028 998
**Principal:** Team Henry Enterprises, LLC
**Obligee:** USA, USAED Philadelphia District, Contracts Division - Contracts BR

its true and lawful Attorney-in-Fact, to make, execute and deliver on its behalf surety bonds, undertaking and other instruments of similar nature as follows: $ 5 MILLION

This Power of Attorney is granted and sealed under and by the authority of the following Resolution adopted by the Board of Directors of the Company on the 4th day of February 1993.

"Resolved, That the President, any Vice President, the Secretary and any Assistant Secretary appointed for that purpose by the officer in charge of surety operations shall each have authority to appoint individuals as Attorney-in-Fact or under other appropriate titles with authority to execute on behalf of the Company, fidelity and surety bonds and other documents of similar character issued by the Company in the course of its business. On any instrument making or evidencing such an appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the Company, the seal or facsimile thereof may by imposed or fixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

"Resolved, That the signature of each of the following officers: President, Vice President, any Assistant Vice President, any Secretary or Assistant Secretary and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any Certificate relating thereto, appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact for the purpose only of executing and attesting bonds and undertaking and other writings upon the Company and any such power required and certified by such facsimile signature and facsimile seal shall be valid and binding on the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, AEGIS SECURITY INSURANCE COMPANY has caused its official seal to be hereunto affixed, and these presents to be signed by its President this 1st day of January 2016.

AEGIS SECURITY INSURANCE COMPANY

BY: *W. J. Wollyung III*
WILLIAM J. WOLLYUNG III
President

Commonwealth of Pennsylvania  } s.s.: Harrisburg
County of Dauphin  }

On this 1st day of January 2016 before me personally came William J. Wollyung III to me known, who being by me duly sworn, did depose and say that he is President of AEGIS SECURITY INSURANCE COMPANY, the corporation described herein and which executed the above instrument; that he knows the seal of the said corporation, that the seal affixed to the said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

*Rebecca J. Liddick*
REBECCA LIDDICK
Notary Public
My Commission Expires July 25, 2017

I, the undersigned, Assistant Secretary of AEGIS SECURITY INSURANCE COMPANY, a Pennsylvania corporation, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney remains in full force and has not been revoked; and furthermore that the Resolution of the Board of Directors, set forth in the said Power of Attorney, is now in force.

Signed and sealed at the City of Harrisburg, in the Commonwealth of Pennsylvania, dated this 4th day of October, 2016.

*Deborah A. Good*
DEBORAH A. GOOD
Secretary

# AEGIS SECURITY INSURANCE COMPANY
## STATUTORY STATEMENTS OF ADMITTED ASSETS, LIABILITIES AND CAPITAL AND SURPLUS
## DECEMBER 31, 2015 AND 2014

| | 2015 | 2014 |
|---|---:|---:|
| **ADMITTED ASSETS** | | |
| Bonds | $ 48,627,914 | $ 42,472,807 |
| Preferred stocks | 500,200 | 600,815 |
| Common stocks - non-affiliate | 11,178,670 | 8,503,670 |
| Common stocks - affiliate | 15,818,252 | 15,656,804 |
| Real estate occupied by the company, net | 2,153,047 | 2,218,922 |
| Cash and short-term investments | 11,907,020 | 13,968,422 |
| Other invested assets | 908,157 | 1,198,468 |
| Total cash and invested assets | 91,093,260 | 84,619,908 |
| Accrued investment income | 451,224 | 454,351 |
| Premium receivable | 14,038,030 | 10,015,497 |
| Reinsurance recoverable on paid losses | 2,292,443 | 2,864,564 |
| Federal Income Tax Receivable | 1,204,940 | |
| Net admitted deferred tax asset | 2,428,736 | 2,055,946 |
| Other assets | 48,744 | 53,875 |
| Receivable from parent, subsidiaries and affiliates | 173,000 | 402,358 |
| Total assets | $ 111,730,377 | $ 100,466,499 |
| | | |
| **LIABILITIES AND CAPITAL AND SURPLUS** | | |
| **Liabilities:** | | |
| Losses | $ 13,881,489 | $ 13,422,255 |
| Loss adjustment expenses | 5,073,264 | 3,677,363 |
| Reinsurance payable on paid loss and loss adjustment expense | 390,320 | 837,825 |
| Commissions payable | 713,492 | 1,782,604 |
| Accounts payable and accrued expenses | 783,236 | 645,466 |
| Accrued: | | |
|   Taxes, licenses and fees | 756,684 | 520,901 |
|   Federal Income taxes | | 28,329 |
| Unearned premiums | 25,915,526 | 21,100,270 |
| Advance premiums | | 7,900 |
| Ceded reinsurance premiums payable | 2,658,726 | 1,823,329 |
| Amounts withheld for account of others | 4,915,625 | 3,882,418 |
| Payable for Securities | 198,015 | 141,567 |
| Total liabilities | 55,286,377 | 47,870,227 |
| | | |
| **Capital and surplus:** | | |
| Common stock, par value $1.40 per share; 5,000,000 shares authorized, 3,000,000 issued and outstanding | 4,200,000 | 4,200,000 |
| Paid-in surplus | 5,266,827 | 5,266,827 |
| Unassigned surplus | 46,977,173 | 43,129,445 |
| Total capital and surplus | 56,444,000 | 52,596,272 |
| | $ 111,730,377 | $ 100,466,499 |